IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

CHRISTOPHER R. MARTINEZ, )
)
        Plaintiff, )
)
v. ) No. 10-6088-SSA-CV-SJ-MJW
)
MICHAEL J. ASTRUE, Commissioner, )
Social Security Administration, )
)
        Defendant. )

## ORDER

On November 24, 2006, plaintiff Christopher R. Martinez protectively filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq., alleging disability beginning July 30, 2001. Plaintiff's application was denied initially and a request for hearing was filed on March 8, 2007. A hearing was held on June 18, 2009, at which plaintiff amended his onset date of disability to August 12, 2004, the day after a prior Administrative Law Judge (hereinafter "ALJ") issued a decision denying plaintiff benefits. On July 8, 2009, following the June 18 hearing, the ALJ determined plaintiff was not disabled from August 12, 2004, through December 31, 2006. On June 23, 2010, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. On August 7, 2010, plaintiff filed an appeal with this Court requesting the decision of the Commissioner be reversed with an order to calculate and pay benefits.

The parties' briefs were fully submitted and on June 7, 2011, they were given an opportunity for oral argument. The entirety of facts and arguments of the parties are presented in the briefs and will not be repeated in this order.

**Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings
> are supported by substantial evidence on the record as a whole. Substantial

evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff challenges the ALJ's decision on two basic grounds. Plaintiff alleges the ALJ erred when he (1) failed to consider several of plaintiff's medical conditions to be severe; and (2) failed to consider all medical opinions in the record.

Severe Impairments

An impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities.[1] 20 C.F.R. § 404.1521(a). An impairment is not severe when

---

[1] Basic work activities are the "abilities and aptitudes necessary to do most jobs," including physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching,

2

it amounts only to a slight abnormality which would have no more than a minimal effect on an individual's ability to work. Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir.2007). The claimant bears the burden at Step 2 of establishing that an impairment is severe. Id. at 707-08. "Severity is not an onerous requirement for the claimant to meet, but it is also not a toothless standard," and the Eighth Circuit has upheld on numerous occasions the Commissioner's finding that a claimant failed to make the necessary showing. Id. at 708 (citations omitted).

Here, the ALJ set forth the applicable law regarding the Step 2 severity determination, then expressly found that plaintiff suffered from the severe impairments of degenerative joint disease, degenerative disc disease of the lumbar spine and asthma/COPD, controlled with inhalers.

Plaintiff claims the ALJ should have found his headaches to be a severe impairment. However, plaintiff did not allege disability based on headaches and did not indicate in his function report or daily activities questionnaire that his limitations were based on headaches. At the hearing before the ALJ, plaintiff provided no testimony regarding his headaches or headache-related limitations. Moreover, no medically acceptable clinical or laboratory diagnostic techniques show a cause for plaintiff's headaches, which is required to show a "severe" impairment." See 20 C.F.R. § 404.1508.

Plaintiff also claims that the ALJ erred at Step 2 in failing to consider plaintiff's leg pain, back syndrome and right hand problems to be severe impairments. Upon review, the court finds that the medical records and the record as a whole do not indicate these medical impairments were severe.

The ALJ did not err in finding that plaintiff only had the severe impairments set forth above. Further, the Court notes that when assessing plaintiff's residual functional capacity (RFC), the ALJ considered all of plaintiff's impairments, both those the ALJ found severe in Step 2 and those the ALJ did not find to be severe in Step 2. Thus, any error with regard to

---

carrying, or handling, as well as capacities for seeing, hearing, speaking, understanding and carrying out simple instructions, using judgment, responding appropriately to supervision, co-workers and usual work situations, and dealing with changes in a routine work setting. 20 C.F.R. § 404.1521(b).

which of these impairments are severe and nonsevere is harmless because the ALJ considered all plaintiff's severe and nonsevere impairments in determining his work limitations. See Dewey v. Astrue, 509 F.3d 447, 449-50 (8th Cir. 2007) (harmless error if the court can say that the ALJ would inevitably have reached the same result had the ALJ not made the error).

Consideration of Medical Opinions

Plaintiff argues that the ALJ erred in not properly considering all the medical opinions in the record. Specifically, plaintiff says the ALJ failed to consider 1) Dr. Koprivica's diagnoses of failed back syndrome and degenerative disc disease; 2) Dr. Kelley's diagnosis of continuous right frontal headaches; 3) Dr. Carbetta's diagnosis of status post diskectomy with revision; 4) the VA's diagnosis of history of failed back syndrome; 5) Dr. Cole's diagnoses of failed back syndrome and lumbar radiculopathy; and 6) Dr. Koprivica's opinion that plaintiff would need to lie down unpredictably for pain relief due to failed back syndrome. Plaintiff argues this failure requires remand because the ALJ failed to adequately develop the record.

Upon review, the medical opinions which plaintiff cites are not medical source opinions. Medical source opinions are statements from physicians, psychologists, or other acceptable medical sources that reflect judgments about what the claimant can do despite his impairments. See 20 C.F.R. § 404.1527(a)(2). These medical opinions may include diagnosis but also must include an evaluation of impairments in terms of their effect on the plaintiff's ability to do work and not simply in terms of deviation from a purely medical standard of bodily perfection or normality. Wilber v. Astrue, No. 09-CV-4235, 2010 WL 2772313, at *9 (W.D. Mo. July 12, 2010) (citing McCruter v. Bowen, 791 F.2d 1544, 1547 (11th Cir. 1986)).

Here, the ALJ properly considered the opinions of plaintiff's medical sources, including Drs. Wilson, Cole, Kelley, Koprivica, and Carabetta. See 20 C.F.R. § 404.1527(d) and (f). Furthermore, the ALJ is not required to discuss every piece of medical history evidence submitted. Wildman v. Astrue, 596 F.3d 959, 966 (8th Cir. 2010). The fact that the ALJ did not describe the entirety of plaintiff's medical history does not mean he disregarded certain aspects of the record. Id. See also Wheeler v. Apfel, 224 F.3d 891, 896 n.3 (8th Cir. 2000) (the fact that ALJ did not attempt to describe entirety of medical history does not support argument that ALJ disregarded certain aspects).

4

Moreover, to the extent the ALJ considered and discounted an opinion of a doctor, the ALJ is entitled to discredit a physician's opinion when it is not consistent with the record as a whole, see Heino v. Astrue, 578 F.3d 873, 879-80 (8th Cir. 2009) (stating that the ALJ may reject the treating physician's opinion if it is inconsistent with the record as a whole or other medical evaluations are "supported by better or more thorough medical evidence"), or is based only on plaintiff's subjective medical complaints. Kirby v. Astrue, 500 F.3d 705, 709 (8th Cir. 2007).

Further, as explained by the ALJ, plaintiff's complaints of work limitations were found not to be entirely credible. Credibility findings are for the ALJ to make, so long as such findings are adequately explained and supported. Lowe v. Apfel, 226 F.3d 969, 972 (8th Cir. 2000). Subjective complaints of physical and/or mental health problems may be discounted when they are inconsistent with medical reports, daily activities or other such evidence. Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003). Here, the ALJ gave extensive explanation and support for his finding that plaintiff's complaints and corresponding limitations were not fully credible. Therefore, this court defers to such finding.

This court finds that although the ALJ did not discuss every piece of medical evidence, the ALJ did fully and adequately develop the record and did not err in determining plaintiff had an RFC to do sedentary work.

## Conclusion

There is substantial evidence in the record to support the ALJ's decision that plaintiff is not disabled under the Social Security Act. It is therefore,

ORDERED that the decision of the Commissioner is affirmed and this case is dismissed.

Dated this 4th day of August, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*

MATT J. WHITWORTH
United States Magistrate Judge